Congress Cigar Co., Inc., Plaintiff and Appellee, *v.* Angelina Grau Sandoval et al., Defendants and Appellants.

No. 5672. Argued February 8, 1932.—Decided February 26, 1932.

*A. Reyes Delgado* for appellants.   *V. Polanco de Jesús* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The appellee filed a motion to dismiss this appeal on the ground that, notwithstanding the fact that the transcript of the record was filed in this Court on October 26, 1931, up to January 23, 1932, the date of the motion, the brief had not been presented, although the same should have been filed within the period of ten days or an extension thereof, which in the present case was not applied for.

The hearing of that motion was set for the 8th of the instant February and on the same day the appellants filed a motion which reads as follows:

"In answer to the motion of the plaintiff-appellee for a dismissal of the appeal in this case we are filing on this day the brief, and

pray this Hon. Supreme Court to allow such filing, since this is a meritorious appeal as may be seen from the questions raised in said brief.''

Rule 60 of this Court prescribes:

''Upon failure of the appellant to comply with any of these rules imposing any duty or requirement on him, or with the law, the Court may, on any day, dismiss the appeal upon its own motion or, after notice to the appellant, upon motion of the appellee.''

It is evident that the appellants have failed to comply with Rule 42 of this Court which fixes ten days as the term for the filing of the brief, and hence the appeal might be dismissed as requested by the appellee.

By its terms, the motion filed by the appellants on the same day set for the hearing of the motion to dismiss seems to rest Rule 58 of this Court. This rule makes no reference to the filing of briefs but to the filing of transcripts of record, although said rule has indeed been extended to include briefs. Even so, its application is of no avail in the present case because a sufficient answer to the motion to dismiss would be that the record or brief, although not filed within the time prescribed, had already been presented at the time the notice of the motion was served. In the present case the filing took place fifteen days after such service.

It only remains to be considered whether or not we should exercise our discretion in favor of the appellants, since the word ''may'' and not ''shall'' is used in our rule.

We would be in a better position to do that had the appellants explained the reasons for their neglect. Their failure to submit such explanation would in itself be sufficient justification for us to abstain from further inquiry and dismiss the appeal. The only argument they adduce in their favor is as to the merits of their case. The brief really is extensive and apparently contains a careful study of the questions involved, the importance of some of which may be recognized at first view.

144

Although with some doubt as to whether we are not going too far, and without this decision serving as a fixed precedent to be invoked, the same being based solely on the attendant circumstances of the case, and inspired with a desire that cases, whenever possible, be determined on their merits, we feel inclined to hold as we do hold that the motion to dismiss must be denied.